### 4807.　HALL v. ·ROEHR & COMPANY.

No material error of law was committed, and the judgment is affirmed on
condition.

DECIDED JUNE 10, 1913.

Trover; from city court of Bainbridge—Judge Spooner.　March
7, 1913.

*R.· G. Hartsfield,* for plaintiff in error.　*J. C. Hall,* contra.

POTTLE, J.　Upon the order of a local jeweler, the plaintiffs sent
four diamond rings to the Bank of Climax, for inspection by Oliver,
a prospective purchaser.　Oliver, who was president of the bank,
and reputed to be a man of means, took possession of the rings, and
shortly afterwards was adjudicated a bankrupt.　Hall, the cashier
of the bank, had received the package containing the rings, and
delivered it to Oliver.　Two of the rings having been accounted for
and recovered, the plaintiffs brought trover against Hall to recover
the other two, describing them generally as diamond rings, and
identifying them by numbers.　The proof shows that one of the
rings was worth $260, and the other $280.　The plaintiffs elected
to take a money verdict, and the jury found in their·favor a verdict
for $280, besides interest.　It sufficiently appears, from the evi-
dence, that title to the rings never passed out of the plaintiffs.　No
sale was ever consummated.　The rings were to be sold by the local
jeweler as agent for the plaintiffs, and, there being no evidence that
a credit sale was authorized, he could only sell for cash.　It is un-
disputed that Oliver got the four rings and never paid for any of
them.　He gave a ring to the defendant Hall, who claims that he
did not know where Oliver obtained it, but the circumstances
strongly indicate that this claim of Hall was a mere subterfuge,
and that he knew (what the evidence abundantly shows) that the
ring belonged to the plaintiffs and had never been paid for by
Oliver, and that Oliver had no right to give it· to him.　If Hall
acquired the ring with knowledge that Oliver had no title, Hall's
possession was wrongful and his retention of it a conversion.　More-
over, there was evidence of a demand and refusal, as proof of con-
version.　The trial judge admitted some hearsay evidence, but it
was harmless, as it did not affect the material issues in the case.
A verdict against Hall was practically demanded.　The only trouble
about the case is that the evidence fails to show which of the two
rings sued for· came into Hall's possession.　The jury had no

right to assume, in the absence of proof, that he got the more valuable one. But as the evidence demands a finding that the less valuable ring was worth $260, neither Hall nor his sureties on the bail bond can complain of the direction which we give the case, which is that the judgment will be affirmed, on condition that the verdict and judgment be amended so as to find for the plaintiffs the principal sum of $260, and interest as stipulated in the verdict. If the plaintiffs do not, within thirty days from the date on which the remittitur is entered in the court below, file in the office of the clerk of that court a written consent, signed by themselves or their counsel, that the verdict and judgment be amended as indicated, the judgment of the court below, refusing to grant a new trial, will be reversed. In either event the defendant in error will be taxed with the cost of this writ of error.

*Judgment affirmed, on condition.*